## POLLY ALKENBRACK *vs.* THE PEOPLE.

Where, in a court of special sessions, a defendant was convicted of petit larceny, upon a complaint for stealing *one white woollen flannel sheet,* and the evidence on the trial related to a blanket made of cotton and woollen—the warp being cotton and the filling woollen, and the variance was objected to—held that it was material and fatal, and the conviction was reversed.

CERTIORARI to a court of special sessions in Montgomery county, where the plaintiff in error was convicted of petit larceny.

The complaint against her was for stealing *one white woollen flannel sheet* and one white linen sheet. There was no sufficient evidence to charge her with stealing the last named article; but there was satisfactory proof that she had feloniously taken a blanket, part woollen and part cotton—the *warp* being cotton and the *filling* woollen—belonging to the person named for that purpose in the complaint. When the testimony was closed, she objected on account of the variance, but the objection was not allowed, and she was convicted and sentenced to pay a fine, and stand committed, &c. The prisoner sued out a *certiorari.*

*H. Fish,* for the plaintiff in error.

*G. P. Barker,* (attorney general,) for the people.

*By the Court,* BEARDSLEY, J. A sheet—an article of bed furniture—may be composed of various substances, as linen, cotton or wool, singly or in combination. The word has reference to the form and not the material of which the article is made; had this therefore been described by the term *sheet* alone, it would have been sufficiently certain. (3 *Chit. Cr. Law,* 947 ; 3 *Maule & Sel.* 547, 452.)

But the accused was put on her trial for stealing *a sheet composed wholly of wool,* for it is described as "one white woollen

flannel sheet;" and she was convicted of stealing an article, *part cotton and part wool*, called a cotton and woollen blanket.

The quality and description of the property stolen must be shown with accuracy and certainty. The general rules on this point are stated by Chitty and other elementary writers, and need not here be repeated. (3 *Chit. Cr. Law*, 946, 947; 1 *id.* 335 *to* 338.) If the property is described as a cow, and proved to be a heifer, the variance is fatal: so it is if described as a sheep, and proved to be a lamb. And where a party was indicted for stealing one bushel of oats, one bushel of chaff and one bushel of beans, and the proof was that they were mixed together when stolen, the variance was held to be fatal. (*Rex* v. *Kettle*, 3 *Chit. Cr. Law*, 947.)

Here the property was described with unnecessary minuteness and particularity, but, being so described, the proof must correspond with it. A charge for stealing an article composed *wholly of wool*, is not, in my opinion, sustained by proof of stealing one which was *part wool and the residue cotton*.

Conviction reversed.