---

### JONES v. SCHEMERHORN et al.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

COURTS—JURISDICTION—SUIT BY TRUSTEE IN BANKRUPTCY—SUPREME COURT.

Bankr. Act 1898, §§ 1, 2, provide that certain federal courts shall be courts of bankruptcy, with jurisdiction to "cause the estates of bankrupts to be collected, * * * and determine controversies in relation thereto, except as herein otherwise provided." Section 23, subd. "b," declares that suits by a trustee in bankruptcy shall only be brought or prosecuted in the courts where the bankrupt whose estate the trustee is administering might have brought or prosecuted them in the absence of proceedings in bankruptcy. *Held*, that the federal courts had not exclusive jurisdiction of a suit brought by a trustee in bankruptcy to set aside an alleged fraudulent transfer of real and personal property, as authorized by Bankr. Act, § 67, subd. "e," but that such suit was properly brought in the state supreme court.

Appeal from special term, Oneida county.

Suit by Willard Jones, trustee in bankruptcy, against John M. Schemerhorn and another. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

P. C. J. De Angelis, for appellant.
Edwin H. Risley, for respondents.

ADAMS, P. J. This is a bill in equity brought by the plaintiff, as trustee in bankruptcy of one John N. Beaton, to set aside an alleged fraudulent transfer of real and personal property pursuant to subdivision "e" of section 67 of the bankruptcy act of 1898. The defendants demurred to the complaint upon two grounds, viz.: (1) That the courts of this state have no jurisdiction of the subject-matter; and (2) that the complaint does not state facts sufficient to constitute a cause of action. The sufficiency of the complaint not being challenged upon this appeal, the sole question with which we have to deal is a jurisdictional one, the determination of which necessarily calls for a .construction of certain provisions of the national bankrupt act. By subdivision 8 of section 1 of that act it is provided that:

"Courts of bankruptcy shall include the district courts of the United States and of the territories, the supreme court of the District of Columbia, and the United States courts of the Indian Territory and of Alaska."

Section 2 of the act provides, among other things:

"That the courts of bankruptcy as hereinbefore defined, viz.: the district court of the United States in the several states, the supreme court of the District of Columbia, the district courts of the several territories and the United States courts in the Indian Territory and the district of Alaska, are hereby made courts of bankruptcy and are hereby invested within their respective territorial limits as now established, or as they may hereafter be changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation, in chambers and during their respective terms, as they are now or may be hereafter held, to (1) adjudge persons bankrupts who have had their principal place of business, residence or had their domicile within their respective territorial jurisdictions for the period of six months; * * * (7) cause the estate of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; * * * (15) make such orders, issue such processes, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act; * * * (18) tax costs whenever they are allowed by law, and render judgments therefor against the unsuccessful party, or the successful party for cause, or any part against each of the parties, and against estates in proceedings in bankruptcy. * * * Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess, were certain specific powers not herein enumerated."

It will be observed that by the seventh clause of this section jurisdiction is conferred upon the district courts of the United States to "cause the estate of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided"; and it is this language upon which the defendants mainly rely to sustain their contention that the jurisdiction thus conferred embraces controversies arising out of alleged fraudulent transfers by the bankrupt, and that it is exclusive in its character. Were there nothing in the succeeding provisions of the act which tended to modify or qualify the language of clause 7, we are quite free to say that it would be a difficult matter to controvert the defendant's contention; but by reference to section 23, which expressly defines the "jurisdiction of United States and state courts" as follows:

"(a) The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants, concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. (b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. (c) The United States circuit courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act." 30 Stat. 552.

—It will be seen that suits by the trustee of a bankrupt can only be brought in the courts where the bankrupt whose estate is being administered might have brought them if proceedings in bankruptcy had not been instituted. The apparent conflict in the language of

these two sections has engaged the attention of both state and federal courts ever since the enactment of the bankrupt law, with the result of incumbering the Reports with a number of decisions which are quite as discordant as the language which they undertake to interpret. Fortunately, however, this chaotic condition of affairs has been recently brought to the attention of the supreme court of the United States; and that court, in an elaborate and exhaustive opinion, which has not yet been published, has settled the question now under review in such a manner as to relieve this court of the necessity of any further discussion or consideration thereof. Bardes v. Bank (opinion of Gray, J.) 20 Sup. Ct. 1000, Adv. S. U. S. 1000, 44 L. Ed. ——. This decision holds: First, that the provisions of the second clause of section 23 of the bankrupt act of 1898 control and limit the jurisdiction of all courts, including the several district courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors; and, second, that it is only by the consent of the proposed defendant that the United States district courts can acquire jurisdiction over suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or property made by the bankrupt to third parties before the institution of proceedings in bankruptcy. It follows, therefore, that in this case the supreme court of this state has jurisdiction of the subject-matter in controversy, and that the judgment appealed from should consequently be reversed.

Judgment reversed and demurrer overruled, with leave to the defendants to withdraw their demurrer and answer upon payment of the costs of the demurrer and of this appeal. All concur.