(92 App. Div. 171.)

### HOUGHTON v. STINER.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. BANKRUPTCY—TRANSFER BY BANKRUPT—SETTING ASIDE—ACTION BY TRUS-
TEE.

The bankrupt law (Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S.
Comp. St. 1901, p. 3445]) provides that if a bankrupt give a preference, etc.,
"it shall be voidable by the trustee, and he may recover the property or
its value." *Held*, that the trustee's action under the statute should be
one in equity for an accounting.

Appeal from Special Term, New York County.

Action by Jos. G. Houghton, as trustee in bankruptcy for Alfred T.
Simms, against Max Stiner. From a judgment overruling a demurrer
to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-.
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Wm. Jno. Barr, for appellant.
Walter Large, for respondent.

O'BRIEN, J. The action is brought by a trustee in bankruptcy to
recover the value of a stock of goods alleged to have been transferred
to the defendant, a creditor, by the bankrupt, when insolvent in fact,
and known by the bankrupt and the defendant to be so, within four
months of the filing of the petition in bankruptcy, the purpose and in-
tent of the transfer being to give an illegal preference. The defendant
demurred to the complaint, and from the interlocutory judgment over-
ruling the demurrer he appeals.

In form, taking the allegations of the complaint and the prayer for
relief, the plaintiff brings this action in equity for an accounting; and
the specific ground of the demurrer is that the plaintiff has an adequate
remedy at law, and an action in equity upon the facts cannot be main-
tained. The precise question, therefore, is whether a trustee in bank-
ruptcy, who, by appropriate allegations and prayer for relief seeks his
remedy, can maintain an action in that forum, or, as contended by
the defendant, is exclusively confined to an action at law. The section
of the bankrupt law (section 60b, Act Cong. July 1, 1898, c. 541, 30
Stat. 562 [U. S. Comp. St. 1901, p. 3445]), so far as material, is as
follows:

"If a bankrupt shall have given a preference within four months before the
filing of a petition * * * and the person receiving it * * * shall have
had reasonable cause to believe that it was intended thereby to give a prefer-
ence, it shall be voidable by the trustee and he may recover the property or its
value from such person."

There is nothing in this language, nor is there any provision of the
bankrupt law, which prescribes the remedy or the form of action that
a trustee is authorized to maintain to enforce the rights invested in
him by the section quoted. If we are to be controlled by the weight
of precedent, we might multiply indefinitely the citation of cases
brought in equity wherein relief such as is here sought was accorded.
Schreyer v. Citizens' Nat. Bank, 74 App. Div. 478, 77 N. Y. Supp. 494;

Pearsall v. Nassau Nat. Bank, 74 App. Div. 89, 77 N. Y. Supp. 11;
Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L.
Ed. 1175; Jones v. Schermerhorn, 53 App. Div. 494, 65 N. Y. Supp.
999; Stackhouse v. Holden, 66 App. Div. 423, 73 N. Y. Supp. 203;
Perry v. Booth, 67 App. Div. 235, 73 N. Y. Supp. 216.    On the other
hand, we have in support of the appellant's contention the case of
Garrison v. Markley, Fed. Cas. No. 5,256, which was an action brought
in Michigan under the act of 1867 (Act March 2, 1867, 14 Stat. 517).
With respect to that case, however, two criticisms are justified.    The
first is that under the act of 1867 transfers made within four months
were absolutely void, whereas under the present bankrupt law it will
be noticed that they are only voidable.    The second criticism is that
we have no means of determining from that case itself whether the
law governing the transfer of title and possession of property and the
forms of action that may be resorted to are or are not the same as in
our own jurisdiction or that of Connecticut, in which latter state it
is alleged the property here in question was transferred.    If, how-
ever, disregarding these distinctions, it should be held that the Michi-
gan case is directly in point, then, in view of the uniformity with which
a contrary practice has been followed in our own jurisdiction, we
would not be justified because of an old decision, which does not seem
to have been applied or followed under the present bankrupt law, in
departing from the practice which has been established in our own
jurisdiction.    Aside, however, from precedents or cases, we think that,
were this an original proposition, the right to maintain in equity such
an action as this can be sustained by good and sufficient reasons.    The
transfer made by the debtor to the creditor was entirely valid when
made, and the title to the property passed to the creditor, together with
the right to possession.    We do not understand that an action at law
could be maintained in trover or replevin by one who neither had the
title to the property nor the right to possession.    It is true that where
the trustee elects to avoid the transfer because giving a preference
he is entitled to recover the property which has been transferred or
its value; but this is quite distinct and different from divesting the
creditor of the title and right to possession by the fact merely that the
trustee in bankruptcy elects to rescind the transaction.    When such
election is signified either by demand or the bringing of an action in
equity for an accounting, the creditor then stands in the position of
one who holds the title and the right of possession to the property, or
its value if sold, as quasi trustee for all the creditors, and as such he
can be compelled to account in equity to the one entitled on behalf of
the creditors to the property.

   Another consideration, as bearing upon the form of action, lies in
the fact that it may well be that the transfer from the debtor to the
creditor has been evidenced by a deed in writing if it relates to real
estate, or by a bill of sale in writing if it has reference to personal
property.    And as these instruments, valid when made, must neces-
sarily be destroyed and set aside, a phase of litigation is presented of
which equity has usually assumed jurisdiction.    In other words, the
muniments of title under which the creditor holds the title to the
property may be an obstacle in the way of the trustee in bankruptcy

reaching it, and to that end it may in form be necessary, if not in fact, to have the written muniments of title held to be void. Such relief is granted in an action in equity, and not one at law.

We are not unmindful of the fact that there is no element of fraud in this form of action, and that the theory upon which relief is accorded is, not that the creditor has done anything wrongful in obtaining payment for his debt, because that he could legally do, but the right is given to the trustee in bankruptcy by statute to set aside such payment for the purpose of preventing a preference to any particular creditor within four months of the adjudication in bankruptcy. Apart, however, from the question of fraud, thinking, as we do, that the trustee with respect to property so transferred to a creditor is not, by the mere force of his appointment, invested with the legal title or the right to possession of the property, but that he is permitted in the proper action to regard the transfer as voidable at his election, it follows, we think, that the mere fact of electing does not destroy the rules affecting title, ownership, or possession; and as under them the title and right to possession is in the creditor until such time as he either voluntarily surrenders the same to the trustee in bankruptcy or is deprived thereof by a valid adjudication the trustee in bankruptcy is not, at the outset or the beginning of an action, in a position to maintain an action at law either in trover or in replevin. If neither of these actions will lie— and they are the only ones at law that can be suggested—then seemingly the remedy of the trustee would be in equity.

We have been referred neither to principle nor binding authority which should, after the long and uniform practice to which we have referred, incline us to decide for a change; and we think that the disposition made by the learned judge at Special Term in overruling the demurrer was right, and that the judgment appealed from should be affirmed, with costs. All concur.