(99 App. Div. 427.)

STERN v. MAYER.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. BANKRUPTCY—PREFERENCE—RECOVERY OF PROPERTY—MODE OF TRIAL.

Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416], provides that "if a bankrupt shall have given a preference, and the person receiving it" shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property, or the value thereof, from such person. Held, that an action by a trustee in bankruptcy, after transfer of merchandise by one in contemplation of insolvency to a creditor as a preference, to recover the value thereof, asking only a money judgment, without any equitable relief, is an action within Code Civ. Proc. § 968, subd. 1, providing that an issue of fact must be tried by a jury, unless a jury is waived, or a reference is directed, in all actions in which "the complaint demands judgment for a sum of money only," and it was error to transfer it from the Trial Term to the Special Term.

2. SAME—JURISDICTION—PROCEDURE IN STATE COURT—WHAT LAW GOVERNS.

The state courts have concurrent jurisdiction with the federal courts of an action under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416], to recover the property transferred to a creditor by an insolvent as a preference, or the value of such property, and, when an action is brought in the state court, the trial and procedure in the action are to be governed by the laws of the state.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Simon T. Stern, as trustee in bankruptcy, against David Mayer. From an order striking the case from the Trial Term

calendar, and granting plaintiff leave to re-notice the same at Special Term, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. S. Gilbert, for appellant.

M. Mackenzie, for respondent.

INGRAHAM, J. The question presented on this appeal is whether this action is at law, triable at Trial Term, or in equity, triable at Special Term. The complaint alleges that one Hyman Gattle was duly adjudicated a bankrupt, and the plaintiff appointed and qualified as trustee on the 24th day of August, 1903; that the defendant claimed to be a creditor of the bankrupt, and in the month of May, 1903, the bankrupt, while insolvent, had delivered to the creditor a quantity of merchandise, of the value of $2,200, as security for the alleged indebtedness; that at the time of said delivery the defendant had reasonable cause to believe that the bankrupt was insolvent, and that it was intended then to give the defendant a preference; that the plaintiff had duly demanded delivery of the said property, and the defendant has neglected and refused to transfer or deliver the same or any part thereof, wherefore the plaintiff demands judgment for the sum of $2,200, with interest. The answer is in effect a general denial of the material allegations of the complaint. Both parties noticed this action at Trial Term, and the case was placed on the calendar, whereupon the plaintiff made a motion at Special Term to transfer the cause from the Trial Term to the Special Term calendar, and from an order granting that motion the defendant appeals.

Section 968 of the Code of Civil Procedure provides that:

"In each of the following actions, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is directed: (1) An action in which the complaint demands judgment for a sum of money only."

Section 969 provides that:

"An issue of law, in any action, and an issue of fact, in an action not specified in the last section, or wherein provision for a trial by a jury is not expressly made by law, must be tried by the court, unless a reference or a jury trial is directed."

This action is directly within subdivision 1 of section 968, for the complaint demands a judgment for a sum of money only. No equitable relief is asked for, nor is equitable relief necessary to entitle the plaintiff to recover. The plaintiff's cause of action is based upon subdivision "b" of section 60 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by chapter 487 of the act of Febrary 5, 1903, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416]. That section provides that:

"If a bankrupt shall have given a preference and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

This provision gives to the trustee the right to recover the property or its value from any person who has received it in violation of the act from a bankrupt. The nature of the action brought for this recovery depends upon the judgment that will be required to vest the property or its proceeds in the trustee. Where real property has been conveyed by a bankrupt to a creditor to secure a title to the property in the trustee, a resort to a court of equity is necessary to declare void the deed or conveyance or to compel the creditor to reconvey. Such an action is in equity; but where the property transferred is personal property, and no written instrument is required to be set aside, and no equitable relief is necessary to enable the trustee to recover the property or its value from the creditor to whom it has been transferred, the action is one which, under the Code, must be tried by a jury.

The case of Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10, is not an authority for the position that an action at law cannot be maintained by a trustee to recover the property, or its value, transferred in violation of the bankruptcy law. Mr. Justice O'Brien, in the opinion in that case, after citing the provision of the bankruptcy law, said:

"There is nothing in this language, nor is there any provision of the bankruptcy law, which prescribes the remedy or the form of action that a trustee is authorized to maintain to enforce the rights invested in him by the section quoted."

The plaintiff in that case brought an action in equity for an accounting, and the precise question was whether a trustee in bankruptcy who by appropriate allegations and prayer for relief, seeks that remedy, can maintain the action in equity, or, as contended by the defendant, is exclusively confined to an action at law. It was held that he could maintain an action in equity if necessary for the enforcement of the rights secured to him by the bankruptcy law, and attention was called to the fact that it may well be that the transfer from the debtor to the creditor has been evidenced by a deed in writing if it relates to real estate, or by a bill of sale in writing if it has reference to personal property; and as these instruments, valid when made, must necessarily be destroyed and set aside, a phase of litigation is presented of which equity has usually assumed jurisdiction. Such relief is granted in an action in equity, and not in one at law. What was there decided was that a trustee, when equitable relief was necessary, could maintain an action in equity to recover possession of the property transferred. It was not decided that where no other relief, except a judgment for the property or its value, was necessary, an action at law would not lie. The question presented is whether, under the laws of this state, such an action as was here commenced by the trustee to recover the property or its value, where no equitable relief is asked, or is necessary to entitle the trustee to enforce the cause of action given by this provision of the bankruptcy law, is to be tried by a jury under section 968 of the Code of Civil Procedure, or as an action in equity under section 969 of the Code of Civil Procedure. By the section of the bankruptcy act above cited, the state courts

have concurrent jurisdiction with the courts of the United States in an action to recover the property. But when an action is brought in the state court under this authority given by the bankruptcy act, the question as to its trial and the procedure in the action are to be determined by the law of this state; and it seems to me that in this state, under the provisions of the Code, an action to recover a sum of money only, where no equitable relief is asked, is an action within section 968 of the Code, and that the issues of fact therein are triable by a jury.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

HATCH and LAUGHLIN, JJ., concur.

PATTERSON, J. (dissenting). This action is brought by a trustee in bankruptcy to recover property of the bankrupt in the hands of the defendant, claiming that the delivery of the property was by way of a preference of the defendant, contrary to the provisions of section 60 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], and that the property was intended to be delivered as a preference, and that the defendant had reasonable cause to believe that the bankrupt was insolvent at the time. The plaintiff demanded a return of the property, which the defendant refused. The allegations of the answer constitute denials. When issue was joined, the case was put upon the Trial Term calendar and noticed for trial, but that was before the decision of this court in Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10. When that decision appeared, the plaintiff's attorney moved to have this cause transferred from the Trial Term calendar to the Special Term calendar, which motion was granted, and from the order entered thereon this appeal is taken.

The opinion of this court in the case cited covers the ground, and is authority for the order made. It was followed by the court below. Its reasoning is in the direction of the doctrine that the trustee in bankruptcy must sue in equity.

The order should be affirmed.

VAN BRUNT, P. J., concurs in result.