HORACE L. DYER, as Trustee in Bankruptcy of MICHAEL R. BROWN, Appellant, *v.* HERMAN KRATZENSTEIN and Others, Copartners Trading as H. KRATZENSTEIN & Co., or HERMAN KRATZENSTEIN & Co., Respondents.

*Bankruptcy Act — the remedy to recover the proceeds of a transfer made in violation thereof — when it is in equity — the transfer must be first set aside — the City Court of New York has not jurisdiction.*

In an action brought by the trustee in bankruptcy of one Michael R. Brown, to recover a part of the proceeds of property which the bankrupt was alleged to have transferred in violation of certain provisions of the Bankruptcy Law, the complaint set forth three causes of action, each of which was predicated on the following facts, viz.: That on November 11, 1898, one Brown, then being insolvent, transferred by an instrument in writing all of his property to one Herold as trustee for certain creditors named therein, under a pretended trust

to convert the property into cash and divide the proceeds among them *pro rata;* that the creditors named in the instrument were not all of Brown's creditors, and that acting under this instrument Herold converted the property into cash and out of the proceeds paid to the defendants the amount sought to be recovered.

The first cause of action alleged that such transfer was voidable under subdivision b of section 60 of the Bankruptcy Law.

The second cause of action alleged that the transfer constituted a general assignment of Brown's property, and was, therefore, void under subdivision e of section 67 of the Bankruptcy Law.

The third cause of action alleged that the transfer was made with intent to hinder, delay and defraud creditors, and was void under subdivision e of section 67 of the Bankruptcy Law.

The complaint demanded only a money judgment.

*Held,* that the transfer by Brown to Herold was not void, but simply voidable at the election of the trustee, and that the proceeds of the property transferred could not be reached until the transfer had been set aside;

That, consequently, although the complaint demanded simply a money judgment, the action was one in equity and could not be brought in the City Court of the city of New York, which was a court of limited jurisdiction, not embracing a case of this character.

INGRAHAM, J., dissented.

APPEAL by the plaintiff, Horace L. Dyer, as trustee in bankruptcy of Michael R. Brown, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 9th day of May, 1904, affirming a judgment of the City Court of the city of New York in favor of the defendants, entered in the office of the clerk of said City Court on the 1st day of August, 1903, upon the decision of the court dismissing the plaintiff's complaint, and also (as stated in the notice of appeal) from a judgment entered in the office of the clerk of the City Court of New York on the 17th day of May, 1904, upon said order of affirmance.

*Joseph A. Arnold,* for the appellant.

*Abraham Gruber,* for the respondents.

McLAUGHLIN, J.:

Action by a trustee in bankruptcy to recover $167.46 on the alleged ground that such sum represents in part the proceeds of property transferred by the bankrupt in violation of certain provisions of the Bankruptcy Law.

The complaint contains three causes of action in which the same sum is sought to be recovered upon substantially the same facts, though pleaded in a different way. The material facts upon which the recovery is predicated are : That on November 11, 1898, one Michael R. Brown, then being insolvent, transferred by an instrument in writing all of his property to one Herold as trustee for certain creditors named therein, under a pretended trust to convert the property into cash and divide the proceeds among them *pro rata ;* that the creditors named in the instrument were not all of Brown's creditors, and that acting under this instrument Herold converted the property into cash and out of the proceeds paid to the defendants the amount sought to be recovered.

The first cause of action alleges such transfer to be voidable under subdivision b of section 60 of the Bankruptcy Law (30 U. S. Stat. at Large, 562); the second cause of action alleges the transfer was a general assignment of all the property of Brown, and, therefore, void under subdivision e of section 67 of the same act (Id. 564); and the third cause of action alleges such transfer to have been made with intent to hinder, delay and defraud creditors and by reason thereof is also void under subdivision e of section 67 (*supra*). The complaint demands only a money judgment.

The action was originally brought in the City Court of the city of New York, where, after trial, the complaint was dismissed on the ground that, notwithstanding it demanded only a money judgment, the action was one in equity and by reason thereof that court did not have jurisdiction. An appeal was taken to the Appellate Term, where the judgment was affirmed, and from the order of affirmance plaintiff, by permission, appeals to this court.

I am of the opinion that the complaint was properly dismissed. The action is one in equity (*Houghton* v. *Stiner*, 92 App. Div. 171), and the fact that a money judgment is demanded does not make it an action at law. (*Bell* v. *Merrifield*, 109 N. Y. 202; *Wetmore* v. *Porter*, 92 id. 76.) The City Court of the city of New York is a court of limited jurisdiction. It has only such powers as have been conferred upon it by statute and the power to try an action of this character has not been conferred. (Code Civ. Proc. § 315.) The action is analogous to a judgment creditor's action to set aside a fraudulent conveyance. The transfer by Brown to Herold

was not void and became voidable only at the election of the trustee in bankruptcy. Herold did as he was directed under the transfer — converted the property into money and made the payments as directed. The payments thus made were not void, but only voidable at the election of the trustee. In order to reach this money, as it seems to me, the transfer itself must first be set aside, because Herold did only what it was his duty to do under it. The right of the trustee to attack the transaction is no greater than would be the right of a receiver in proceedings supplementary to execution (*Mathews* v. *Hardt*, 79 App. Div. 570), who could not maintain an action at law. (*Stephens* v. *Meridan Britannia Co.*, 160 N. Y. 178. See, also, *McNulty* v. *Feingold*, 12 Am. Bank. Rep. 338.)

The case cannot be distinguished in principle from *Houghton* v. *Stiner* (*supra*). There the action was brought by a trustee in bankruptcy to recover the value of a stock of goods alleged to have been transferred to the defendant by the bankrupt, when insolvent, upon the ground that such transfer was an illegal preference under subdivision b of section 60 of the Bankruptcy Law. That action was brought in equity and a demurrer was interposed to the complaint upon the ground that the plaintiff had an adequate remedy at law. The demurrer was overruled and on appeal the judgment was affirmed. Mr. Justice O'BRIEN, delivering the opinion of the court, said: " The transfer made by the debtor to the creditor was entirely valid when made, and the title to the property passed to the creditor, together with the right to possession. We do not understand that an action at law could be maintained in trover or replevin by one who neither had the title to the property nor the right to possession. It is true that where the trustee elects to avoid the transfer because giving a preference, he is entitled to recover the property which has been transferred or its value, but this is quite distinct and different from *divesting* the creditor of the title and right to possession by the fact, merely, that the trustee in bankruptcy elects to rescind the transaction. When such election is signified, either by demand or the bringing of an action in equity for an accounting, the creditor then stands in the position of one who holds the title and the right of possession to the property or its value, if sold, as *quasi* trustee for all the creditors; and as such he can be compelled to

*account* in equity to the one entitled on behalf of the creditors to the property."

Nor is any different rule laid down in *Stern* v. *Mayer* (99 App. Div. 427), as I understand the opinion in that case. It was there held that where real property has been conveyed by a bankrupt to a creditor, or where personal property has been transferred by a written instrument, which it is necessary to set aside, that such property can only be reached by an action in equity, and an action at law cannot be maintained.

In the case now before us I do not see how the money sought to be recovered by the trustee can be reached until after the transfer from Brown to Herold has been set aside. After that has been done, then any and all of the parties who have received any money by virtue of that transfer can be called upon to account for the same.

For the reasons thus assigned I think the determination appealed from is right and should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON and LAUGHLIN, JJ., concurred; INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I dissent. The cause of action is to recover from the defendants a sum of money which they had received as a preference and which by subdivision b of section 60 of the Bankruptcy Law (30 U. S. Stat. at Large, 562) the trustee in bankruptcy is authorized to recover from the person receiving it. The action does not seek to set aside the assignment, and no such relief is necessary to enable the trustee to recover the amount paid as a preference. The assignee of the bankrupt is not a party nor is any relief asked against him. The Bankruptcy Law gives to the trustee a cause of action against any one who has received a preference from the bankrupt within four months before the petition is filed to recover the property or its value. If a creditor has received a portion of the bankrupt's property as a preference, the trustee can recover that property or its value from the creditor who has received it, and that cause of action is, I think, an action at law of which the City Court had jurisdiction.

Determination affirmed, with costs.