(108 App. Div. 54.)

### PFEIFFER v. ROE.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. CHATTEL MORTGAGES—VALIDITY AS TO CREDITORS—AUTHORITY OF MORTGAGOR TO SELL—EFFECT.

A mortgage of a stock of merchandise, which authorizes the mortgagor to sell, and which requires him to account to the mortgagee for such part of the sale price as represents the purchase price at which the stock was sold by the mortgagee to the mortgagor, which purchase price does not appear in the mortgage, but only in an inventory not attached to the mortgage or filed therewith, is fraudulent as to creditors, because it gives authority to sell without accounting for the proceeds.

2. SAME—RIGHTS OF CREDITORS.

Where a chattel mortgage is void as against the mortgagor's creditors because authorizing the mortgagor to sell without accounting to the mortgagee for the proceeds, the creditors may compel the mortgagee to account for the value of the goods taken by him under the mortgage, though the goods were taken before the creditors could enforce their claims.

3. BANKRUPTCY—TRUSTEE—RECOVERY FROM MORTGAGEE UNDER FRAUDULENT
MORTGAGE.

Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 566 [U. S. Comp. St. 1901,
p. 3452], authorizing a trustee in bankruptcy to avoid any transfer by a
bankrupt of his property which any creditor might have avoided, etc.,
authorizes a trustee of a bankrupt, who within four months of his bank-
ruptcy executed a mortgage which authorized him to sell the mortgaged
chattels without accounting to the mortgagee for the proceeds, to recover
the value of the property taken by the mortgagee by virtue of the mort-
gage, without reference to the question whether the adjudication of bank-
ruptcy established the insolvency of the bankrupt prior to the filing of
the petition therefor, or whether the mortgagee was bound thereby; for
the right of the trustee does not rest on the insolvency of the bankrupt at
the time of the giving of the mortgage, but on the right, as the successor
of the rights of the creditors, to compel the mortgagee to account.

4. SAME.

Where, in an action by a trustee of a bankrupt for the value of prop-
erty taken by a mortgagee under a mortgage executed within four months
of the filing of the petition in bankruptcy, the complaint states the facts,
and asks for the relief authorized by statute, the court, on the proof being
sufficient, should grant the relief prayed for.

Chester and Houghton, JJ., dissenting.

Appeal from Trial Term, Schuyler County.

Action by Fred E. Pfeiffer, as trustee of James W. Hennessy, a
bankrupt, against John M. Roe. From a judgment dismissing the com-
plaint, plaintiff appeals. Reversed.

The plaintiff is the trustee in bankruptcy of one James W. Hennessy. The
action is to recover the value of certain personal property taken by the de-
fendant from James W. Hennessy a short time before the filing of the peti-
tion in bankrupcty under two chattel mortgages given by the said Hennessy
to the defendant. Plaintiff claims the right to recover the value of a part
of this property, on the ground that it was transferred as a preference within
four months of the filing of the petition in bankruptcy, and claims to recover
the value of the whole thereof, upon the ground that the mortgages under
which the property was taken by the defendant were fraudulent and void
as to the creditors of the bankrupt, to whose rights the plaintiff has succeeded.
Upon the 8th of February, 1900, James W. Hennessy purchased of the de-
fendant a stock of shoes. At the time of this purchase, an inventory of said
stock was made, and the price at which each article was transferred was
set down in the inventory opposite the said article. Hennessy gave back
to the plaintiff a chattel mortgage, in which he acknowledged an indebted-
ness of $2,680.54, "being for the purchase price of the stock of boots, shoes,
rubber goods," etc., as shown by the inventory of said stock taken by said
parties February 7, 1900. For securing the payment of said debt, all the
said goods were sold, assigned, and transferred to the defendant. In the
chattel mortgage was found this provision: "During the first year from the date
hereof, the said Hennessy is to pay to the said Roe the purchase price of
each item of said stock shown by said inventory, as fast as the same shall
be sold by him, accounting to the said Roe daily therefor; and the amount
of each month's sales shall at the end of each month be deducted from the
amount of the principal sum unpaid. During the second year from the date
hereof, said Hennessy is to pay to said Roe as fast as the same shall be sold
by him, as above mentioned, and at the end of each month pay enough in ad-
dition thereto to make 10 per cent. of the whole amount of the principal sum
unpaid." The mortgage contained the usual safety clause and the usual
power of sale in case of default. Up to January 25, 1901, about $1,000 had
been paid upon the purchase price of said property. Further property
had been purchased and placed in stock. At that date the defendant took
from the said Hennessy another chattel mortgage, covering the property in
said store not included in the first mortgage. This second chattel mortgage
was similar in form to the first mortgage, giving authority to the mortgagor

to sell the property, and account to the mortgagee for the purchase price thereof. Upon January 31st the defendant took possession of the goods under his two chattel mortgages, and sold the same thereunder. The property under the first chattel mortgage was sold for $900, and under the second chattel mortgage for $300. Upon February 5th thereafter, a petition was filed by a creditor of Hennessy that he be declared a bankrupt. Thereafter the said Hennessy was declared a bankrupt by the District Court of the United States, and this plaintiff was appointed his trustee in bankruptcy, and has duly qualified as such. This action was thereupon brought to recover from the defendant the value of the goods taken by him under these chattel mortgages. By stipulation of the parties, the action was tried before the court without a jury. Plaintiff's complaint was dismissed, and judgment entered accordingly. The plaintiff has here appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Sebring, Cheney & Rogers (James O. Sebring, of counsel), for appellant.

John M. Roe (O. P. Hurd, of counsel), for respondent.

SMITH, J. These mortgages were fraudulent as to creditors. In Brackett v. Harvey, 91 N. Y. 214, the headnote in part reads:

"A chattel mortgage is not rendered void, as to the creditors of the mortgagor, by a provision authorizing him to sell the mortgaged property and apply the proceeds of sales toward the payment of the mortgage debt. * * * But an agreement, although outside of the mortgage, and oral simply, that the mortgagor may use a portion of the proceeds of sales for his own benefit, avoids the mortgage."

In the case at bar the authority was given to sell, and the mortgagor was required to account to the mortgagee only for a part of the sale price, to wit, such part thereof as represented the purchase price at which the property was sold by the mortgagee to the mortgagor. If that purchase price had been named in the mortgage, the mortgage might well be deemed to have been one upon the specific articles to the extent only of the purchase price. That purchase price, however, nowhere appears in the mortgage, and is only found in an inventory which is not attached to the mortgage, or filed therewith, and which is accessible to the mortgagor and mortgagee only. Such a mortgage would have in it every vice which inheres in a mortgage giving authority to sell without accounting to the mortgagee for any part of the proceeds of the sale. It is a mere cover of property which is being sold in general trade, obnoxious to every principle of fair dealing with creditors.

These mortgages being void, existing creditors had the right to compel the mortgagee to account for the value of the property taken thereunder, and this although the property was taken thereunder by the mortgagee before the creditors were in position to enforce their claims. Mandeville v. Avery, 124 N. Y. 376, 26 N. E. 951, 21 Am. St. Rep. 678; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.

This plaintiff, as trustee in bankruptcy, succeeds, under the letter of the statute, to the rights of these creditors. In section 70 of the Bankruptcy Act of July 1, 1898, under subdivision e, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], it is provided:

"The trustee may avoid any transfer by a bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred

unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whomever may have received it except a bona fide holder for value."

In this view of the case, it matters little whether the adjudication of bankruptcy established the insolvency of the bankrupt prior to the date of the petition, or whether the defendant be bound thereby. The fact that the plaintiff is the legal trustee of the bankrupt is not here questioned, and the right of the trustee to recover the value of this property does not rest upon the fact of insolvency at the time of the giving of these mortgages.

But the learned judge at Special Term has dismissed this complaint, apparently upon the theory that the action was not proper in form. He has cited the case of Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10, as holding that an action at law was not maintainable to recover the value of this property, and has, apparently for this reason, in part, dismissed this complaint. In that case an action in equity was brought to recover certain property transferred by a bankrupt to a creditor within four months of the filing of the petition in bankruptcy as an illegal intended preference. The complaint was demurred to upon the ground that the plaintiff had an adequate remedy at law. All that was there held was that plaintiff might proceed in equity, and that the complaint stated a good cause of action. In the complaint in the case at bar the facts are fully stated. The relief asked for is that authorized by the statute. The case was tried before the judge without a jury upon stipulation of the parties. If upon the pleadings and proof, therefore, the plaintiff was entitled to any relief, we are unable to find anything in the authority cited by the learned judge at Special Term which would forbid the granting of such relief.

Upon the proofs, then, we are of the opinion that the plaintiff has established a cause of action, and that the judgment dismissing his complaint was erroneous, and should be reversed.

Judgment reversed upon law and facts, and new trial granted, with costs to appellant to abide event. All concur, except CHESTER and HOUGHTON, JJ., who dissent.