(118 App. Div. 426.)

### BOUTON v. WHEELER et al.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

1. BANKRUPTCY—ACTION BY TRUSTEE—ALLEGATION OF APPOINTMENT—SUFFICIENCY.

A complaint in an action by a trustee in bankruptcy to set aside a transfer by the bankrupt, which alleges that the trustee was appointed "by an order duly made" on a specified date, that a petition in bankruptcy was filed in the office of the clerk of a federal District Court, sufficiently shows the capacity of the trustee to sue, and his legal appointment as trustee, within Bankr. Act July 1, 1898, c. 541, § 1, subds. 7, 34, 38, 44, 30 Stat. 544, 555, 557 [U. S. Comp. St. 1901, pp. 3421, 3435, 3438], relating to the appointment of a trustee in bankruptcy, and within Code Civ. Proc. § 532, providing that in pleading a judgment of an officer of special jurisdiction it is not necessary to state the facts conferring jurisdiction.

2. ACTION—JOINDER—CLAIMS ARISING OUT OF SAME TRANSACTIONS.

A complaint in an action by a trustee in bankruptcy, which alleges in one count that the bankrupt, while insolvent, made a transfer of his property to a creditor within four months before the filing of the petition in bankruptcy, and in other counts that the bankrupt made the transfer fraudulently and pursuant to conspiracy with others to defraud his creditors, except a creditor preferred, etc., is not objectionable as setting forth causes of action for property transferred within four months before the filing of a petition in bankruptcy, and for fraud and conspiracy, the allegations setting forth a cause of action arising out of the same transaction, and consistent with each other.

3. BANKRUPTCY—SUITS BY TRUSTEES IN BANKRUPTCY—JURISDICTION OF STATE COURTS.

A suit by a trustee in bankruptcy to set aside an unlawful transfer of the bankrupt made within four months of the filing of a petition in bankruptcy, and to recover the property or the value thereof, is within the jurisdiction of the Supreme Court of the state.

Cochrane, J., dissenting.

Appeal from Special Term.

Action by Clinton D. Bouton, as trustee in bankruptcy of De Witt T. Wheeler, against De Witt T. Wheeler and others. From an interlocutory judgment overruling a demurrer to the complaint, certain of the defendants appeal. Affirmed.

The plaintiff sues as trustee in bankruptcy of De Witt T. Wheeler, and it is alleged in the amended complaint that the latter filed a petition in bankruptcy in the office of the clerk of the District Court for the Northern District of New York, and on the 23d day of February, 1905, was by said court duly adjudged a bankrupt; that on the 10th day of February, 1905, and within four months before the filing of said petition, the defendant De Witt T. Wheeler, being insolvent, wrongfully and unlawfully made a transfer of all his property to the defendant George S. Hilts upon an agreement in writing, which is attached to such complaint, which, if enforced, would enable the defendant Julia T. Hilts, the wife of said George S. Hilts, who was a creditor

104 N.Y.S.—3

of Wheeler, to obtain a greater percentage of her debt than other creditors of Wheeler of the same class. It is further alleged that the defendant Hilts on the 16th day of February, 1905, transferred the property so received by him from Wheeler to the defendant J. Dolph Ross, who thereafter converted the property to his own use; that in accepting such transfer from Wheeler and making such transfer to Ross the defendant George S. Hilts acted in his own behalf· and also in behalf of his wife, whose agent he was in all such transactions, and that they all had reasonable cause to believe that it was intended by such transfer to give an unlawful preference to said Julia T. Hilts; that the value of the property so transferred was $3,900; and that the plaintiff has no other assets with which to satisfy the claims of Wheeler or any part thereof. It is also alleged "that plaintiff was duly appointed the trustee in bankruptcy of the estate of the said De Witt T. Wheeler by an order duly made on the 16th day of March, 1905, and thereupon duly qualified as such; that the proper orders have been duly made by Hon. J. S. Tarbell, referee in bankruptcy, having jurisdiction of this matter, directing the plaintiff to bring this action." The facts so far stated are alleged in substance as the first cause of action.

For a second cause of action, the plaintiff realleges all the prior allegations, and alleges that the transfer by Wheeler to George S. Hilts was fraudulent and unlawful, and made without consideration, with the intent to defraud all the creditors of Wheeler, except Mrs. Hilts; that the transfer was accepted by George S. Hilts with the like intent, and that he transferred the property to Ross, who accepted the same with full knowledge of all the facts above set forth, and who thereupon converted the same to his own use; and that such transfer was made with intent to hinder, delay, and defraud the creditors of Wheeler, except Mrs. Hilts. And it is also alleged that said transfer to George S. Hilts was made for the ostensible purpose and upon his agreement annexed to the complaint to pay a certain note made by Wheeler for $2,000, payable at the First National Bank of Dryden and indorsed by said Julia T. Hilts, and other notes, aggregating $2,800 in amount; that Wheeler was indebted to other creditors in an amount exceeding $5,000; that George S. Hilts did not pay the said $2,000 note, and that defendant Ross was well aware that he did not pay the same, and that said conveyance was made for the ostensible purpose of paying it, and that said George S. Hilts was financially irresponsible; that Ross received said goods so fraudulently transferred by Wheeler to said Hilts, and converted the same to his own use.

In the third cause of action the plaintiff realleges all the facts hereinbefore stated, and, further, that George S. Hilts entered into said agreement annexed to the complaint to pay said note for $2,000 fraudulently and without intending to pay said note, for the purpose of obtaining the property of the defendant Wheeler without paying consideration therefor, and that he has not given any consideration for said property, and that he was at that time financially irresponsible; that on the 16th day of February he transferred the said property to the defendant Ross, who received and converted the same to his own use, with full knowledge of all the facts hereinbefore set forth and with intent to defraud the said Wheeler and the creditors of the said Wheeler. The plaintiff demands judgment that the transfer made by Wheeler to George S. Hilts and the transfer from George S. Hilts to Ross be declared fraudulent and void as against the creditors of Wheeler, and that the plaintiff recover of the defendants the sum of $3,900.

The defendants George S. Hilts and Julia T. Hilts demurred to such amended complaint on the grounds that the court has not jurisdiction of the subject of the action; that the plaintiff has not legal capacity to sue; that causes of action have been improperly united, and for insufficiency. The court overruled the demurrer, and the defendants Julia T. Hilts and George S. Hilts have appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

T. E. Courtney, for appellants.
Jared T. Newman, for respondent.

CHESTER, J. The demurrer for insufficiency and lack of capacity to sue is based upon the failure to definitely allege where or by what officer or court the order appointing the plaintiff as trustee in bankruptcy of the defendant Wheeler was made, or where and when it was entered. The allegation is that he was "duly appointed the trustee * * * by an order duly made on the 16th day of March, 1905." It may be conceded that under the authorities the allegation of a mere conclusion of law on which no issue could be raised is insufficient. Gillet v. Fairchild, 4 Denio, 80; White v. Low, 7 Barb. 204; Bangs v. McIntosh, 23 Barb. 591, 598; White v. Joy, 13 N. Y. 83, 86; Secor v. Pendleton, 47 Hun, 281.

But the lack in definiteness for which the complaint is criticised in this respect is made up by fair and necessary inferences to be drawn from other allegations therein. It is alleged that the petition in bankruptcy was filed in the office of the clerk of the District Court of the Northern District of New York, and that Wheeler was by that court duly adjudged a bankrupt. The court may take judicial notice that there is but one clerk's office in that district for that court. It is not like the Supreme Court of the state, which has as many clerk's offices of the court as there are counties in the state. The bankruptcy act approved July 1, 1898 (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]), provides, in section 44, that the creditors of a bankrupt estate shall at their first meeting after the adjudication in bankruptcy appoint one trustee or three trustees of such estate, and, if the creditors do not appoint a trustee or trustees, the court shall do so. Rule 13 of the general orders in bankruptcy, adopted by United States Supreme Court in October, 1898 (89 Fed. vii, 32 C. C. A. xvii), provides that the appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge. Under subdivision 7 of section 1 of the bankruptcy act the word "court," as used in the act, is defined to mean "the court of bankruptcy in which the proceedings are pending, and may include the referee." Under the law there may be many referees in bankruptcy appointed, but the limits of the districts of each are designated (Bankr. Act, § 34), and their jurisdiction is limited to their respective districts (Id. § 38). There is an allegation in the complaint that orders have been made by J. S. Tarbell, referee in bankruptcy, and that plaintiff was appointed trustee in bankruptcy "by an order duly made on the 16th day of March, 1905." While it is not stated that the order was made by the creditors with the approval of the court or referee, or by the court because of the failure of the creditors to act, the inference is plain that it was made in the bankruptcy proceeding pending in the Northern District of New York and in the District Court of that district on the date named. The allegations of this complaint in this respect, it must be conceded, could well be more specific, but we think they are sufficient to require an answer. This view finds support in Brenner v. McMahon, 20 App. Div. 3, 46 N. Y. Supp. 643, which was an action brought by executors, where the allegations of the complaint were that:

"Ellen McMahon died at the city of Brooklyn leaving a last will and testament, dated February 3, 1896, which was duly admitted to probate by the sur-

rogate of the county of Kings on the 15th of February, 1896, * * * that in and by said last will and testament the said Ellen McMahon duly appointed these plaintiffs to be the sole executors and trustees thereof, and on the said 15th day of February, 1896, letters testamentary were duly issued to these plaintiffs, who had duly qualified as such on the same day."

The claim on demurrer was that the allegations were insufficient because of the absence of any allegation that the plaintiffs were appointed as executors in any proceeding before the court, by any surrogate, or that letters testamentary were duly issued by any surrogate, but the court held the averments as to the letters, taken with the allegations relating to the making of the will appointing the plaintiffs as executors and the admission of the will to probate by the surrogate of Kings county, followed by the allegation that letters testamentary were duly issued to them, and that they duly qualified, to be sufficient. The pleading may also be sustained under section 532 of the Code of Civil Procedure, which provides that:

"In pleading a judgment or other determination, of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made."

The demurrer for improperly joining causes of action is founded upon the argument that a cause of action to recover property or the value thereof improperly transferred within four months before the filing of the petition in bankruptcy has been joined with one for fraud and one for conspiracy.

While isolated sentences in the complaint would be appropriate to an action for damages for fraud or for a conspiracy, yet it is apparent that the effort of the pleader has been simply, under the peculiar facts of this case, to state facts which, if proven, will be sufficient to set aside the alleged unlawful transfer, and to recover from the defendants the property transferred counter to the provisions of the bankruptcy act or the value thereof. That being our view of this complaint, there has been no improper joinder of causes of action, as they all arise out of the same transaction or transactions connected with the subject of the action, are consistent with each other, and affect all the parties of the action, and do not require different places of trial.

Regarding the action as we do, as one simply for the purpose of setting aside the unlawful transfer of the bankrupt's property and to recover the same or the value thereof for the benefit of his estate, it is within the jurisdiction of this court. Jones v. Schermerhorn, 53 App. Div. 494, 65 N. Y. Supp. 999; subdivision "e," § 67, Bankr. Act; Cook v. Whipple, 55 N. Y. 150, 14 Am. Rep. 202.

The interlocutory judgment should be affirmed, with costs, with usual leave to defendants to answer on payment of costs of demurrer and of this appeal. All concur, except COCHRANE, J., who dissents.