### COHEN v. SMALL.

#### (Supreme Court, Appellate Term. May 16, 1907.)

BANKRUPTCY—PREFERENCE—ACTION BY TRUSTEE—MUNICIPAL COURT—JURISDICTION.

> The Municipal Court of the City of New York has no jurisdiction of an action by a trustee in bankruptcy to recover of defendant money collected by a third party for the bankrupt's benefit, and on his behalf paid to defendant on account of his claim against the bankrupt, thereby enabling defendant to obtain a greater percentage of his debt than other creditors of the same class.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 414.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by J. Quintus Cohen, as trustee, etc., against Charles T. Small. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Michel Kirtland, for appellant.

Floyd & Leary (Henry Bennett Leary, of counsel), for respondent.

SEABURY, J.  The plaintiff brings this action as trustee in bankruptcy to recover money paid to the defendant within four months prior to the filing of the petition in bankruptcy, claiming that such payment constituted a voidable preference under the bankruptcy act.  The complaint alleges that within four months prior to the petition in bankruptcy the Consolidated Stock & Petroleum Exchange of New York, purporting to act under its rules and regulations, collected and received, for and on behalf of the bankrupt, from divers persons then indebted to him, certain sums of money, aggregating $13,287.09, and for and on behalf of said bankrupt paid, transferred, and delivered therefrom to the defendant $188.52 on account of his claim against the bankrupt, thereby enabling the defendant to obtain as a creditor of the bankrupt a greater percentage of his debt than other creditors of the same class.  Other allegations are made in the complaint bringing the action within the bankruptcy act.  A demurrer to the complaint was sustained on the ground that it appears from the face of the complaint that the Municipal Court has no jurisdiction of the subject-matter of the action.

We think the demurrer was properly sustained, and that this case comes within the principle asserted in Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10, and Dyer v. Kratzenstein, 103 App. Div. 404, 92 N. Y. Supp. 1012, rather than within the principle of Stern v. Mayer, 99 App. Div. 427, 91 N. Y. Supp. 292, and Merritt v. Halliday, 107 App. Div. 596, 95 N. Y. Supp. 331.  In the two last-named cases the action was brought by a trustee in bankruptcy to recover a money judgment because of an alleged preference given to the defendant directly by the bankrupt.  These cases are, therefore, distinguishable from Dyer v. Kratzenstein, supra, and the case at bar, where an assignment or transfer was made by the bankrupt to a third person, who collected the property of the bankrupt and transferred it to the defendant.

Judgment affirmed, with costs, and with leave to the appellant to appeal from this determination to the Appellate Division.  All concur.