REICHARDT v. AMERICAN PLATINUM WORKS OF NEWARK, N. J.

(Supreme Court, Appellate Term.   June 26, 1905.)

1. MUNICIPAL COURT ACT—INTERPLEADER.
     Under the express provisions of the Municipal Court act (Laws 1902, p. 1546, c. 580, § 187), where a debt owing to a bankrupt was claimed by the bankrupt's trustee and also by an assignee, the debtor was entitled to pay the money into court, and have an order of interpleader directing that the assignee be substituted as defendant.

2. APPEAL—OBJECTIONS—JURISDICTION.
     Where, in an action by a trustee in bankruptcy to recover a debt alleged to be due the bankrupt, the debtor obtained an order of interpleader, substituting an alleged assignee of the claim as a defendant, and the latter voluntarily appeared, and joined issue with plaintiff, plaintiff could not object for the first time on appeal that such substituted defendant was a foreign corporation, and that the court acquired no jurisdiction over its person.
     [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1171–1173.]

3. SAME—FORM OF REMEDY.
     Where a bankrupt's trustee sued a debtor of the bankrupt to recover the debt, and the latter interpleaded an assignee of the claim by the bankrupt before bankruptcy, whereupon plaintiff alleged that the assign-

ment was fraudulent, he was not entitled to object for the first time on appeal that the suit was in equity, and therefore not within the jurisdiction of the Municipal Court.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1171–1173.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by J. Alfred Reichardt, as trustee in bankruptcy of August W. Schmidt, against the American Platinum Works of Newark, N. J., substituted defendant. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Norbert Blank, for appellant.
Paul C. Schnitzler, for respondent.

SCOTT, P. J. The plaintiff, as trustee in bankruptcy of August W. Schmidt, sued the members of the firm of Hastings & Miller for the sum of $100, the purchase price of goods sold by the bankrupt before his failure. These original defendants admitted the indebtedness, but showed upon motion that the same sum was claimed by the American Platinum Works of Newark under an assignment of the claim made by the bankrupt before bankruptcy. They were thereupon permitted by order to pay the amount into court, and the alleged assignee was substituted. Such an order of interpleader is authorized by section 187 of the Municipal Court act (Laws 1902, p. 1546, c. 580), and we can find no error in its issuance in the present case. The plaintiff thereupon served a supplemental complaint, alleging that, if an assignment of the claim had been made to the substituted trustee, it had been made with the intent to hinder, delay, and defraud the plaintiff, and that the substituted defendant had reasonable cause to believe that the bankrupt, by the assignment, intended to give to said substituted defendant an unlawful preference over all his other creditors. The substituted defendant thereupon filed a composite pleading consisting in part of a demurrer upon three several grounds, and in part an answer alleging the transfer and denying all plaintiff's allegations tending to show that the transfer was illegal and void. No action appears to have been taken on the demurrer, and the parties went to trial on the supplemental complaint and the answer. No objection was made by plaintiff to going on with the trial on any ground. The substituted defendant did object to the jurisdiction of the court upon the ground that the issues presented a question of equity jurisdiction, but that objection is not now insisted upon by it. The plaintiff, however, having been defeated on the merits, now raises for the first time on appeal the objection that, so far as he sought to avoid the preference, the action was one in equity, of which the Municipal Court has no jurisdiction; and also upon the ground that the substituted trustee is a foreign corporation, and it does not appear that it has an office in the city of New York. In the first place, there is no evidence that the substituted trustee is a foreign corporation,

94 N.Y.S.—25.

Miller's affidavit on the interpleader motion not being evidence in the case; and, even if it did so appear, the defendant conferred upon the court jurisdiction over its person by appearing and going to trial without objection on this score. It does not lie in plaintiff's mouth to raise this objection for the first time on appeal. Nor is the objection to the jurisdiction of the court on the first ground well taken. If the substituted defendant had actually reduced to possession the property of the bankrupt, and the trustee in bankruptcy was seeking to regain possession thereof, it may be that he would be obliged to sue in equity, although this is not entirely clear. Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10. That, however, is not the case presented here. The plaintiff is suing to recover a sum of money which never passed to the substituted defendant. The plaintiff makes no claim against the substituted defendant. He merely attempts to interpose a defense against the efforts of the substituted defendant to recover the same money. The plaintiff, having brought the case on for trial, ought not now, because he has been defeated, be permitted to obtain a reversal of the judgment against him on the ground, here taken for the first time, that the court had no jurisdiction of his action, and as a matter of law his contention in this behalf is unsound. On the merits the action was rightly decided. There was not the slightest evidence to show that the substituted defendant, when it accepted the transfer, had reasonable or any cause to believe that it was intended thereby to give a preference; nor did it appear that the effect of the enforcement ot the transfer would be to enable one of the bankrupt's creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. The judgment and order appealed from must therefore be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.