G. EDGAR ALLEN, as Trustee in Bankruptcy of the Estate of WILLIAM H. GRAY, Appellant, *v.* WILLIAM H. GRAY, Individually and as Executor of WILLIAM GRAY, Deceased, et al., Respondents.

Bankruptcy — action by trustee to recover property claimed to have been transferred in fraud of creditors — plaintiff's right to have cause tried by jury — order transferring cause from Jury Term to Special Term — failure to appeal from such order not a waiver of trial by jury.

An action brought under the provisions of the Bankruptcy Act by a trustee in bankruptcy to recover the value of property claimed to have been transferred in fraud of creditors is an action at law and is triable by jury, and where a party insists upon his right to a jury trial at the opening of the case, his exception to the refusal to accord him that right raises the question. A failure to appeal from an order transferring the cause from the Jury Term to the Special Term is not a waiver of his constitutional right. (Code Civ. Pro. § 1009.)

*Allen* v. *Gray,* 139 App. Div. 428, reversed.

(Argued February 16, 1911; decided February 28, 1911.* Motion for re-argument denied May 2, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 13, 1910, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The plaintiff, as trustee in bankruptcy of the defendant, William H. Gray, brought this action to recover the value of certain wagons, carriages and other goods transferred by the said William H. Gray, individually, to himself and the defendant Mary A. Gray (who has since died), as executors of William Gray, deceased. Prior to this transfer the bankrupt, William H. Gray, had been engaged in the business of dealing in carriages, wagons, etc., in the city of New York,

* This case is reported out of its regular order, the opinion having been held to await disposition of motion for re-argument.

and the property thus transferred was part of his stock in trade.

On January 19th, 1899, a petition in involuntary bankruptcy was filed against the defendant. On the following February 18th he was duly adjudged a bankrupt, and thereafter the plaintiff was appointed trustee of his estate. The complaint alleges that the transfer in question was made on or about October 3rd, 1898, which would be within four months prior to the filing of the petition in bankruptcy; but the defendant claimed that it was made on or about September 1st, 1898, which would be more than four months prior to that date. The trial court has found this fact to be as claimed by the defendant. The complaint further alleges that at the time of the transfer the defendant William H. Gray was insolvent owing about one hundred creditors; that on or about the date of said transfer he made a general assignment for the benefit of creditors; that the said assignment was intended to hinder, delay and defraud creditors; that the transfer was a fraudulent scheme and covinous transaction, arranged and carried out by the defendants to hinder, delay and defraud creditors; that it was fraudulent and void as to creditors and made in contemplation of bankruptcy; that the said property was of the value of $14,000, and judgment was asked against the defendants for that sum.

The case was noticed for trial upon the calendar for jury trials, but upon the defendants' motion was transferred to the Special Term calendar. It was thereafter brought on for trial before the court without a jury. At the opening of the trial the plaintiff demanded a jury trial, which was refused, and an exception was taken to the refusal. The trial then proceeded before the court without a jury and resulted in a judgment in favor of the defendants. The trial court rendered a decision in which it found that at the time of the transfer the defendant William H. Gray, individually, was justly and honestly indebted to the estate of William Gray, deceased, of which the said defendant and Mary A. Gray were executors, to the amount of $10,834.27; that the transfer was

not made by the defendant William H. Gray in fraud of his creditors, nor was it made within four months prior to the filing of the petition in bankruptcy.

The plaintiff appealed from this judgment to the Appellate Division, inserting in his notice of appeal his intention to review an order of February 28th, 1908. It is claimed that by this statement it was intended to bring up for review the order transferring the cause from the jury term to the equity term. That order, however, was dated November 29th, 1907. The Appellate Division affirmed the judgment of the Special Term by a divided court, the majority of that court holding that the plaintiff was not entitled to a jury trial, and that the findings of fact were sustained by the evidence. The plaintiff has appealed to this court, but his notice of appeal contains no notice of intention to review the order transferring the cause from one calendar to another.

*Charles W. Stapleton* for appellant. It was error to deny plaintiff's demand for a jury trial. The question of fraud involved was one of fact and should have been submitted to a jury. (Const. N. Y., art. 1, § 2; Code Civ. Pro. §§ 968–1009; Pers. Prop. Law, § 37; *Glen* v. *Lancaster*, 109 N. Y. 641; *King* v. *Van Vleck*, 109 N. Y. 363; *Gansberg* v. *Sagemohl*, 67 App. Div. 554; *Alward* v. *Alward*, 15 Civ. Pro. Rep. 151; *McKeon* v. *See*, 51 N. Y. 300; *Wheelock* v. *Lee*, 74 N. Y. 495; *Bristol* v. *Hull*, 166 N. Y. 59; *May* v. *Walter*, 56 N. Y. 8; *Tilson* v. *Terwilliger*, 56 N. Y. 273; *Blaut* v. *Gabler*, 77 N. Y. 461; *Ford* v. *Williams*, 24 N. Y. 359; *Woodworth* v. *Hodgson*, 56 Hun, 236; *Fuller* v. *Brown*, 76 Hun, 557; *Mathews* v. *Rice*, 31 N. Y. 457.)

*Abraham Benedict* for respondents. The plaintiff was not entitled to a jury trial, and the cause was properly transferred to the equity calendar. (*Houghton* v. *Stiner*, 92 App. Div. 171; *Stern* v. *Mayer*, 99 App. Div. 427; 113 App. Div. 181; *Dyer* v. *Kratzenstein*, 103 App. Div. 404; *Vollkommer* v. *Frank*, 107 App. Div. 594; *Merritt* v. *Halliday*, 107 App. Div. 596; *Lesser* v. *B. R. Co.*, 116 App. Div. 212; *Cohen* v.

*Small,* 120 App. Div. 211; *Wall* v. *Cox,* 101 Fed. Rep. 403; *Pond* v. *N. Y. Nat. Ex. Bank,* 124 Fed. Rep. 992; *Off* v. *Hakes,* 142 Fed. Rep. 364; *Parker* v. *Black,* 151 Fed. Rep. 18.)

WERNER, J.   There is evidence in the record to sustain the findings of the trial court to the effect that the transfer was not fraudulent and did not contravene the provisions of the Bankruptcy Act.   We are, therefore, precluded from any further review of that branch of the case.   We are of opinion, moreover, that the plaintiff was entitled to a jury trial, and as this conclusion necessitates a reversal of the judgment it is unnecessary to examine the evidence in detail.

The appellant did not properly appeal from the order transferring the cause from the jury term to the Special Term, but that was not necessary.   He insisted upon his right to a jury trial at the opening of the case, and his exception to the refusal to accord him that right raises the question in this court.   The failure to appeal from an order transferring the cause from one calendar to another was not a waiver of his constitutional right to trial by jury.   The Code provides for the manner in which the right to trial by jury may be waived. (Code Civ. Proc. § 1009.)

Section 60a of the Bankruptcy Act provides: " A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class * * *." Subdivision b of the same section further provides: " If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property *or its value from such person.* * * *"

It is settled by the decisions of this court that under these provisions of section 60 a trustee may bring an action at law to avoid a preferential transfer and to recover the value of the property thus transferred. (*Cohen* v. *Small*, 120 App. Div. 211; affd., 190 N. Y. 568; *Coudert* v. *Jarvis*, 114 App. Div. 913; affd., 188 N. Y. 584.) The learned counsel for the respondent contends that these decisions have no application to the case at bar, as this action was not brought to set aside a preferential transfer under section 60, but is founded upon the provisions of section 70 of the National Bankruptcy Act. That section differs from section 60 in that it authorizes the trustee to set aside fraudulent transfers although made prior to the four months before the filing of the petition in bankruptcy. But it is identical with section 60 in so far as it authorizes the trustee in such cases to recover the property or its value. It is not quite certain which one of these sections of the Bankruptcy Law was in the mind of the framer of the complaint when the pleading was drawn. The complaint contains no express statement that the transfer was made within the four months prior to the filing of the petition, but from the dates set forth that conclusion would seem to follow. Neither is it stated whether the transfer was made by written instrument or otherwise. The provisions of section 70 of the Bankruptcy Act, so far as material to the present controversy, are as follows : 70a. " The trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall * * * be vested by operation of law with the title of the bankrupt * * * to all * * * * property transferred by him in fraud of creditors * * *." Sub-section " e " of the same section provides : " The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from any person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered *or its value collected* from whoever may have received it, except a *bona fide* holder for value."

So far as the question here is concerned, there is no essential difference between the provisions of this section and those of section 60. Both confer power upon the trustee to avoid fraudulent transfers and to recover the property or its value. In many cases it may be impossible to ascertain from the pleadings under which section relief is sought. It is apparent, of course, that the form of trial to which the parties are entitled, whether in equity or at law, must be determined upon the face of the pleadings. It is too late to determine that question after proofs are taken. A complaint may allege a transfer within the four months period, as it did in this case, and upon the trial the evidence may disclose that it was long prior to that time. As this court has already decided that in actions brought to set aside a preferential transfer under section 60 the parties are entitled to a jury trial, we think the logic of the situation demands that the same method of trial must be pursued in actions brought under section 70. Under either of these sections a trustee in bankruptcy may demand simply a money judgment, and the establishment of the alleged fraud in the transfer or of other facts necessary to a recovery is purely incidental to the main relief demanded.

In the Supreme Court of this state, and in the Federal courts there has been some diversity of opinion upon this question. Some of the decisions are to the effect that such cases are cognizable in equity, although based upon a variety of reasons. (*Houghton* v. *Stiner*, 92 App. Div. 171; *Stern* v. *Mayer*, 99 id. 427; *Dyer* v. *Kratzenstein*, 103 id. 404; *Vollkommer* v. *Frank*, 107 id. 594; *Lesser* v. *Bradford Realty Co.*, 116 id. 212; *Wall* v. *Cox*, 101 Fed. Rep. 403; *Pond* v. *N. Y. Exchange Bank*, 124 id. 992; *Matter of Plant*, 148 id. 37; *Mason* v. *Herkimer County Bank*, 163 id. 920; *Off* v. *Hakes*, 142 id. 364; *Parker* v. *Black*, 151 id. 18.) In the case last cited, the United States Circuit Court of Appeals in this circuit felt constrained by authority to adopt this view, with a strong intimation that if the question were an open one, a different decision would have been made. In other cases it has been held that in such actions the parties are

entitled to a jury trial. (*Warmath* v. *O'Daniel*, 159 Fed. Rep. 87; *Merritt* v. *Halliday*, 107 App. Div. 596; *Coudert* v. *Jarvis*, 114 id. 913; *Reichardt* v. *Am. Platinum Works*, 47 Misc. Rep. 650.) It will serve no useful purpose to discuss the reasons for these conflicting decisions, since this court is committed to the view that in actions which are not essentially different from the case at bar, the parties are entitled to a jury trial. (*Cohen* v. *Small, supra; Coudert* v. *Jarvis, supra.*)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, VANN, HISCOCK and COLLIN, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.