WERNER v. MOHAWK CONDENSED MILK CO. et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

1. JURY (§ 19*)—RIGHT TO JURY TRIAL—BANKRUPTCY—ACTION BY TRUSTEE TO RECOVER PREFERENCE.

Where, in an action by trustee in bankruptcy to recover property alleged to have been fraudulently transferred by the bankrupt as a preference, the plaintiff demanded only equitable relief, and no other issues were tendered, a jury trial therein was not a matter of right.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 91, 104–133; Dec. Dig. § 19.*]

2. JURY (§ 28*)—RIGHT TO JURY TRIAL—ELECTION.

Where, in an action by a trustee in bankruptcy to recover a preference, the plaintiff noticed the cause for trial at an Equity Trial Term, a court for which no jury could be drawn, there was an unequivocal election to have the cause tried at Equity Term, which will prevent his later having a jury trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

3. JURY (§ 28*)—RIGHT TO JURY TRIAL—DISCRETION OF COURT.

Where, in an action by a trustee in bankruptcy to recover property given as a preference, the plaintiff at the opening of the trial, in moving to send some of the issues to a jury, admitted that the cause must be tried in the main at an Equity Term, and failed to specify any issues which should be tried by jury, the court properly exercised its discretion in denying the motion to send some of the issues to a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

Appeal from Equity Term, Monroe County.

Action by Christopher C. Werner, as trustee, against the Mohawk Condensed Milk Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

The action was commenced on the 18th day of October, 1910, by the plaintiff as trustee in bankruptcy of Michael Doyle, doing business under the name of Michael Doyle & Co., to have declared fraudulent and void certain transfers of property made by Michael Doyle and Anna M. Doyle to the defendant Mohawk Condensed Milk Company, and for other relief which is more fully stated in the opinion.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Harlan W. Rippey, of Rochester, for appellant.

Walter S. Hubbell, of Rochester, for respondent Mohawk Condensed Milk Co.

James M. E. O'Grady, of Rochester, for respondent Doyle.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLENNAN, P. J.   The complaint alleges that the defendant the Mohawk Condensed Milk Company is a domestic corporation, with its principal office and place of business at Rochester, N. Y., and that the defendant Anna M. Doyle is the wife of the bankrupt, Michael Doyle; that on the 7th day of August, 1908, an involuntary petition in bankruptcy was filed against the said Michael Doyle, and on the 27th day of August, 1908, he was duly adjudged a bankrupt by the United States District Court; that on the 9th day of December, 1908, the plaintiff was duly appointed trustee in bankruptcy of the said bankrupt; that from the order appointing the trustee certain creditors took an appeal, and that pending such appeal all proceedings on the part of the trustee were stayed; that the order appointing the plaintiff trustee was affirmed on the 27th day of March, 1909.

The complaint further alleges that at all times since the 1st day of January, 1900, Michael Doyle, doing business under the name of Michael Doyle & Co., and individually, was insolvent, and that the defendants had knowledge of such insolvency; that on May 13, 1908, and for upwards of six months prior thereto, the said Michael Doyle was indebted to the defendant the Mohawk Condensed Milk Company in a sum in excess of $175,000 upon an open and unsecured account, and that on or about the 13th day of May, 1908, the said Michael Doyle, with intent to cheat and defraud his other creditors and for the purpose of preferring the defendant the Mohawk Condensed Milk Company, assigned, transferred, and delivered to the defendant the Mohawk Condensed Milk Company a considerable amount of property, including two life insurance policies, many shares of stock in different corporations, and a one-half undivided interest in a certain patent.

The complaint further alleges that there are other general creditors of the bankrupt who have proven claims in an amount exceeding $113,-000, and that the only property that is available to liquidate such claims does not exceed the sum of $10,000. It is further alleged that at some time prior to December, 1907, the bankrupt had transferred to his wife, the defendant Anna M. Doyle, all the property which was thereafter transferred to the Mohawk Condensed Milk Company, but that such transfer was without consideration, and in pursuance of an unlawful and fraudulent scheme, and that in truth and fact all such property belonged to the bankrupt.

The complaint demands judgment that the transfer of said property to the defendant Anna M. Doyle, which was thereafter by her transferred to the Mohawk Condensed Milk Company, be declared fraudulent and void, and that the Mohawk Condensed Milk Company be directed to deliver the same to the plaintiff, and that an accounting be had as to such property. The defendant Mohawk Condensed Milk Company, by its answer, denies any information as to the fraudulent transfers alleged in the complaint, and alleges that the property described in the complaint was transferred to it more than four months prior to the filing of the petition in bankruptcy, and that the transfer was made in good faith and for the purpose of securing said defendant for the amount owing by the bankrupt to said company, and that the property

transferred was not worth to exceed $25,000, and further alleges that the plaintiff is guilty of delay and laches in bringing this action. The defendant Anna M. Doyle denies all material allegations of the complaint.

The cause was noticed for trial by the plaintiff for the February, 1911, Equity Trial Term, but was not tried at that time and under the rules remained upon the calendar for the April term succeeding. The case was moved for trial at the April, 1911, Equity Trial Term by the defendants, and thereupon the following took place, as appears by the order made by the justice presiding granting defendants' motion to, correct the case and exceptions from which order an appeal was taken, and which order has been affirmed by this court by a decision handed herewith:

"Mr. Rippey: I move that all issues of fact upon the pleadings be sent to the Trial Term for a jury trial.

"By the Court: Why, Mr. Rippey, didn't you notice this case for trial at the Equity Term yourself?

"By Mr. Rippey: Yes; your honor. I do not contend but that the case must be tried in the main at an Equity Term, and I realize that certain features of it require a trial in this court, but there are some issues of fact that I think ought to be sent to the jury for trial. I do not expect the whole case tried by the jury. Denied. Exception."

We must therefore consider that the case as thus settled presents all the issues to be considered upon this appeal.

The case thereupon proceeded to trial at the said Equity Trial Term, and the court rendered its decision, containing findings of fact and conclusions of law, directing that the complaint be dismissed as to each defendant with separate bills of costs.

The court has found that the transfers of the property mentioned in the complaint were made in December, 1907, and January, 1908, more than four months prior to the filing of the petition in bankruptcy against said Michael Doyle, and that nothing was by him transferred to the Mohawk Condensed Milk Company in May, 1908, or within four months of the filing of the petition in bankruptcy, except a worthless equity in a life insurance policy in the Penn Mutual Life Insurance Company and a worthless equity in a warehouse at Hemlock Lake, and that the said life insurance policy and that the said warehouse had theretofore been duly pledged to secure sums greatly in excess of their value, and except also a one-half interest in a patent for a capping machine, which one-half interest was worthless. The court finds that the Mohawk Condensed Milk Company will not receive by reason of said transfers a greater percentage of its claims than other creditors of the same class of Michael Doyle will receive, and that there was no unlawful or fraudulent arrangement between Anna M. Doyle and the bankrupt for the purpose of keeping from his creditors the property mentioned in the complaint.

The court further finds that the defendant Anna M. Doyle was the owner of all the property described in the complaint, with the exception of the life insurance policy in the Penn Mutual Life Insurance Company and the equity in the warehouse at Hemlock Lake and that she assigned the several stocks, bonds, insurance policies, and property

in December, 1907, and January, 1908, to the Mohawk Condensed Milk Company, a creditor of said bankrupt, Michael Doyle, for its use and benefit, and as such creditor it received the full benefit of such assignment, that said Anna M. Doyle was never adjudged a bankrupt, and no petition in bankruptcy was ever filed against her.

The plaintiff contends that the refusal of the trial court to send the issues of fact or some of them to the Trial Term for a jury trial is such error as to require a reversal of· the judgment.

[1, 2] We think the trial court was right in denying plaintiff's motion for a jury trial. In Wheelock v. Lee, 74 N. Y. 495, the plaintiff joined equitable with legal causes of action, so that in one of its aspects the action was triable at Special Term, and the court held that the defendant, by noticing the case for trial, did not waive his right to have the issues on the legal causes of action submitted to a jury. In the case at bar, however, the only issues to be tried were those tendered by the plaintiff. The plaintiff claims that these issues were triable before a jury as matter of right under the. decision of the Court of Appeals in Allen v. Gray, 201 N. Y. 504, 94 N. E. 652, Ann. Cas. 1912B, 123. In that case, however, the complaint demanded a money judgment as did also the complain in Cohen v. Small, 120 App. Div. 211, 105 N. Y. Supp. 287, affirmed 190 N. Y. 568, 83 N. E. 1123, and Coudert v. Jarvis, 114 App. Div. 913, 100 N. Y. Supp. 1111, affirmed 188 N. Y. 584, 81 N. E. 1162, referred to in the opinion in Allen v. Gray. In the case at bar the complaint demands nothing but equitable relief, and we cannot agree with the contention of the plaintiff that the issues were triable before a jury as a matter of right; but, even if they were, they might, if the parties consented, be tried before the court without a jury, and the plaintiff by noticing the case for trial before a court for which no jury could be drawn must be deemed to have elected unequivocally to have the case so tried, the defendant raising no objection to a trial without a jury.

[3] It is further to be noted that plaintiff's counsel, at the opening of the trial, while moving to send some of the issues to a jury for trial, admitted that the case must be tried in the main at an Equity Term. He failed to specify what issues· should be so tried; in fact, did not point out a single issue which should be tried by a jury. We therefore think the court properly exercised its discretion in denying the motion to send any issues to a jury. The effect of granting the motion would have been, as stated by the Court of Appeals in Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350, to "permit him to do this (have a jury trial) after selecting a different court for the trial of his issue, and evade that trial at the moment it was to commence by the expression of his mere wish to go into a different forum, thus putting his adversary at defiance and interrupting the court in the transaction of business which he himself had in a formal manner brought before it."

Upon the merits we think the judgment is correct. There is practically no evidence tending to support the claim that the wife of the· bankrupt transferred her property to the defendant Mohawk Condensed Milk Company for the purpose and with the intent of de-

frauding the other creditors of the bankrupt. The findings of fact are amply supported by the evidence, and we find no exceptions in the record justifying a reversal of the judgment.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.