WILLIAM M. GREGORY, as Trustee in Bankruptcy of CHARLES J. KNAPP et al., as Copartners, Constituting the Firm of KNAPP BROTHERS, Respondent, *v.* BING-HAMTON TRUST COMPANY et al., Appellants.

Appeal — when appeal may be taken as of right to Court of Appeals from unanimous affirmance in action wherein fraud is alleged.

Subdivision 2 of section 191 of the Code of Civil Procedure, which provides that "No appeal shall be taken to * * * (the Court of Appeals) from a judgment of affirmance hereafter rendered in an action to * * * set aside a judgment, sale, transfer, convey-ance, assignment or written instrument, as in fraud of the rights of creditors," refers to an action in equity for the purpose named and is not intended to include an action at law wherein the fraud is a mere incident to the main relief demanded.

Reported below, 168 App. Div. 805.

(Argued February 21, 1916; decided February 29, 1916.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 26, 1915, affirming a judgment in favor of plaintiff entered upon a verdict. The motion was made upon the ground that the Court of Appeals had no jurisdiction to review the judgment appealed from, the affirmance by the Appellate Division having been unanimous and permission to appeal not having been obtained.

*Harvey D. Hinman* for motion.

*D-Cady Herrick* opposed.

*Per Curiam.* This action is brought and was tried as an action at law to recover the possession of specified personal property. The complaint alleges a conspiracy between the bankrupts and said trust company and also fraud by which the defendant trust company came into possession of said personal property now in the possession of the superindendent of banks with the other property which was of said trust company. It further alleges that the plaintiff is the owner of the personal property and entitled to the immediate possession thereof. The jury before whom the case was tried found in favor of the plaintiff and judgment was entered as in an action for replevin under the provisions of the Code of Civil Procedure. Subdivision 2 of section 191 of the Code of Civil Procedure which provides that "No appeal shall be taken to said court [Court of Appeals] from a judgment of affirmance hereafter rendered in an action to * * * set aside a judgment, sale, transfer, conveyance, assignment or written instrument, as in fraud of the rights of creditors," refers to an action in equity for the purpose named and is not intended to include an action at law wherein the fraud is a mere incident to the main relief demanded. (*Allen* v. *Gray,* 201 N. Y. 504.)

The motion to dismiss the appeal should be denied, with ten dollars costs.

Willard Bartlett, Ch. J., Chase, Collin, Cuddeback, Cardozo, Seabury and Pound, JJ., concur.

Motion denied.