# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

## State of New York.

---

SAMUEL ROTTENBERG, as Trustee in Bankruptcy of the EMPIRE STATE SUSPENDER COMPANY, Respondent, *v.* OSCAR ENGLANDER, Appellant.

First Department, November 22, 1918.

Corporations — action under section 66 of Stock Corporation Law to recover moneys paid in violation thereof — action at law — right to trial by jury.

An action under section 66 of the Stock Corporation Law to recover from the defendant moneys claimed to have been paid to him by a corporation in violation of the provisions of said section, in which the plaintiff asks that said payment be declared to be in violation of the statute, and that the defendant be decreed and ordered to account for and pay over to the plaintiff the said sum, is an action at law in which the defendant is entitled to a jury trial of the issues.

A request for the account and payment over is not necessarily a request for an accounting, and the prayer for relief that the transfer be declared void may be treated as surplusage, as legal relief is also asked to which the plaintiff is entitled upon the allegations of the complaint.

APPEAL by the defendant, Oscar Englander, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of June, 1918, denying defendant's motion to strike this cause from the Special Term calendar.

APP. DIV.— VOL. CLXXXV.    1

*Louis Kunen,* for the appellant.

*David W. Kahn* of counsel [*Rosenberg & Ball,* attorneys], for the respondent.

SMITH, J.:

The action is brought under section 66 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61) to recover from the defendant the sum of $2,796.38 claimed to have been paid by the Empire State Suspender Company to the defendant in violation of the provisions of that section. The sole question in this case is whether the defendant is entitled to a jury trial of the issues.

In the prayer for relief it is asked that the said payment be declared to be in violation of the said statute and that the defendant be decreed and ordered to account for and pay over to the plaintiff the said sum of money. The Special Term has held that the defendant was not entitled to a trial by jury.

While there has been some confusion in the cases as to whether such an action be at law or equity, I think the weight of authority is to the effect that the defendant is entitled to a jury trial. In *Stern* v. *Mayer* (99 App. Div. 427) an action was brought to recover a money judgment because of an alleged preference given to the defendant by the bankrupt. It was there held, although by a divided court, that the action was triable at law. Mr. Justice INGRAHAM in writing for the court said: " The nature of the action brought for this recovery depends upon the judgment that will be required to vest the property or its proceeds in the trustee. Where real property has been conveyed by a bankrupt to a creditor to secure a title to the property in the trustee, a resort to a court of equity is necessary to declare void the deed or conveyance, or to compel the creditor to reconvey. Such an action is in equity, but where the property transferred is personal property, and no written instrument is required to be set aside and no equitable relief is necessary to enable the trustee to recover the property or its value from the creditor to whom it has been transferred, the action is one which, under the Code of Civil Procedure, must be tried by a jury."

In *Cohen* v. *Small* (120 App. Div.. 211; affd., 190 N. Y. 568) it is held that an action by a trustee in bankruptcy to recover payments alleged to be preferential is an action at law, and a Municipal Court of the city of New York had jurisdiction. Mr. Justice CLARKE, now presiding justice, writing for the court, rested his decision in part upon the case of *Stern* v. *Mayer*, and also upon the case of *Coudert* v. *Jarvis* (reported in part in 188 N. Y. 584). In the latter case it was held that a cause of action to recover a payment to a creditor by which the creditor received a preference within four months of the bankruptcy was triable at law. In *Allen* v. *Gray* (201 N. Y. 504) the same proposition is stated. In this case, while a clear action at law is stated, the plaintiff's attorney evidently conceiving that he has a cause of action in equity as the nature of the relief sought, includes a prayer for a declaration by the judgment that the transfer was void, and also a request for defendant to account and pay over. A request for an account and payment over is not necessarily a request for an accounting, and the prayer for relief that the transfer be declared void may be treated as surplusage, as legal relief is also asked to which the plaintiff is entitled upon the allegations of the complaint. Such an action is one at law and not in equity. The cases cited are cases arising under the Bankruptcy Law. I can see no distinction in principle between those cases and a case to recover moneys paid in violation of section 66 of the State Stock Corporation Law. (See *Allen* v. *Gray*, 201 N. Y. 509.)

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.