G. Robert Witmer, J.
Plaintiff has moved to strike certain language from defendant’s answer, and defendant has moved for a jury trial of the issue of fraud, deceit and duress. The action is for specific performance of a contract wherein defendant has agreed to sell and plaintiff agreed to buy the residence property of defendant.
Plaintiff’s motion to strike is granted with respect to the following language in the answer: in paragraph No. 1, “ with her daughter who is a cripple. That she inherited the same from her brother who built the house in about the year 1925.”; and in the defense numbered “ III ”, part of the second and third lines, to wit: ‘ ‘ but that it is an ordinary, simple story and one-half cottage type house ”.
In all other respects plaintiff’s motion is denied.
In her answer defendant alleges that plaintiff procured the contract through fraud, misrepresentation, deceit and duress, and she has cross-moved herein for jury trial of that issue. This raises a more difficult problem.
Defendant contends that under section 500 of article 15 of the Real Property Law and subdivision 2 of section 425 and section 429 of the Civil Practice Act she is entitled to a jury trial of the issue of fraud as a matter of right.
It has been held that an action to foreclose a mortgage is one in equity, and that the parties are not entitled to a jury trial, even though a money judgment for the deficiency may *626 be awarded. (Jamacia Sav. Bank v. M. S. Investing Co., 274 N. Y. 215; Werner v. Mohawk Condensed Milk Co., 152 App. Div. 330; Gillette v. Warren, 258 App. Div. 847.) It should be noted, however, that in the Jamaica case (supra), the court divided four to three, and Judges Loughban, Lehman, and O’Brien voted for jury trial. One would suppose that an action for specific performance was as much one in equity as one to foreclose a mortgage, and that the rule against jury trial would apply. Until recently such has been recognized as the law. (Karp v. Twenty-Three Thirty Ryer Corp., 185 Misc. 440, affd. 270 App. Div. 758.) In this case, at page 442, Mr. Justice Eder made the following observation: “ A suit for specific performance is an equitable remedy whereby the court by its decree compels a party to do precisely what he ought to have done without being coerced by it (Rindge v. Baker, 57 N. Y. 209, 214). Upon failure of the vendor to perform, the purchaser as vendee thereupon acquires a right to sue for specific performance; such a suit is a chose in action (Realty Co. v. Donaldson, 294 F. 541, 543, affd. 268 U. S. 398; Shoecraft v. Bloxham, 124 U. S. 730); plaintiff acquired the right to take advantage of this chose in action by reason of the vendor’s breach, but such acquisition and suit thereon do not constitute either an estate or an interest in real property (Fowler v. Coates, 201 N. Y. 257, 263).”
It was thought that section 500 of the Real Property Law was “ designed to give relief to a party in possession of land where another claimed an interest in the land but had brought no suit to enforce the claim.” (Porcher v. Frueauff, 82 N. Y. S. 2d 10, affd. 276 App. Div. 997.) Under such conception, a contract vendee out of possession would not be encompassed under section 500 of article 15 of the Real Property Law, and hence would not be entitled to jury trial under subdivision 2 of section 425 of the Civil Practice Act.
In Matter of City of N. Y. (Jefferson Houses-Lombardi) (306 N. Y. 278), the court expressly held that a contract vendee acquires an interest in the land. In doing so, it reversed the same justice who wrote the opinion in the Karp case, quoted (supra). At page 282, Judge Conway (now Chief Judge) said with respect to the vendee’s interest, “ It is an interest in real property which is in issue, and not a personal right or claim to an award, after it is made, against the contract vendor ”. The court then recognized that by virtue of section 425 of the Civil Practice Act the respondent had a right to have a jury trial of the issue of fraud and conditional delivery, but held that he had waived the right by proceeding to trial without demanding it.
*627 In view of the foregoing, this court feels constrained to grant defendant’s demand for jury trial of the issue of fraud, misrepresentation, deceit and duress raised in the answer. Submit order accordingly.