WALKER DISCOUNT CORP., Plaintiff, *v.* VALLEY BANQUET HALL, INC., Defendant.

Supreme Court, Special Term, Queens County, June 27, 1962.

*Louis Levine* for defendant. *Sheldon M. Goodman* for plaintiff.

HAROLD J. CRAWFORD, J. This is a motion by a judgment debtor to vacate a judgment entered on April 19, 1960, in the office of the Clerk of the County of Queens in favor of the judgment creditor against the judgment debtor in the sum of $4,932.53, or, in the alternative, to direct that said judgment be satisfied and discharged of record, and to vacate and set aside the execution issued by the judgment creditor to the Sheriff of the City of New York, County of Queens, on or about March 29, 1962, and the levy made pursuant thereto, and to direct the judgment creditor to deliver and return to the judgment debtor any and all other security or collateral received by the judgment creditor together with satisfactions of all liens or incumbrances placed in the hands of the judgment creditor.

The judgment debtor contends that it negotiated a loan from the judgment creditor in the early part of January, 1960; that the judgment debtor executed a number of documents including 50 promissory notes, a confession of judgment and certain incumbrances and liens and that thereafter the loan was paid in full, the final payment being made on January 12, 1961. In addition, the judgment debtor contends that the confession of judgment was not executed by it, but rather by one William Funicello, who is its president and, therefore, plaintiff had no right to enter such judgment.

The judgment creditor, in opposition, contends that the confession of judgment was properly entered after a default in the payment of the loan by the judgment debtor and that thereafter the judgment debtor resumed making payments. However, the judgment debtor again defaulted and the judgment creditor has not received full payment.

While the confession of judgment was executed by one William Funicello, it is explicitly stated in the body of the writing that the judgment debtor was the party to whom the loan was made and who was confessing judgment. Furthermore, the verification of the confession of judgment was executed by William Funicello, as president of the judgment debtor, who attested that the judgment debtor, a corporation, executed the confession of judgment and that he, as president, was authorized by an order of the board of directors of the judgment debtor corporation to sign his name for the corporation. Under these circumstances, it would appear that the confession of judgment was duly executed by the judgment debtor.

The remaining claim of the judgment debtor essentially is that it has satisfied the judgment by full payment. Therefore, it would appear that the judgment debtor seeks, among other things, the execution of a satisfaction piece. (See Civ. Prac. Act, § 532.)

There is a serious question of fact as to whether the judgment was fully paid. Therefore, this question will be referred to an Official Referee to hear and report. It goes without saying that if the judgment debtor is entitled to a satisfaction piece the execution, based upon the judgment, will of necessity fall. The court, however, cannot on a motion require the judgment creditor to return to the judgment debtor all other security or collateral or require the judgment creditor to execute satisfactions of all liens or incumbrances. This properly may only be done in an appropriate plenary action. (See *Shepard Co.* v. *Taylor Pub. Co.*, 198 App. Div. 638; *Rottenberg* v. *Englander*, 185 App. Div. 1.)

Accordingly, that branch of the motion which seeks the return of all other security or collateral and the execution of satisfactions of all liens and incumbrances is denied. The determination of the remainder of the motion will be held in abeyance pending the Referee's report.